Vincent A. **MOODIE**, Plaintiff,

v.

**FEDERAL RESERVE BANK OF NEW YORK**, Defendant.

No. 91 Civ. 6629(MEL).

United States District Court, S.D. New York.

Aug. 17, 1994.

Cleary, Gottlieb, Steen & Hamilton, New York City, for plaintiff; Raymond J. Lohier, Alex E. Miller, Anne H. Erskine, of counsel.

Thomas C. Baxter, Federal Reserve Bank of New York, New York City, for defendant; Jonathan I. Polk, of counsel.

LASKER, District Judge.

Vincent Moodie brought this race discrimination action against his former employer, the Federal Reserve Bank of New York ("Bank"), pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and New York Executive Law § 290 *et seq.* A trial was held at which the jury deadlocked and a mistrial was declared.[1] On the eve of the re-trial, the Bank now moves to dismiss Moodie's state law claim for lack of subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1) and 12(h)(3).

The Bank cites New York Executive Law § 297(9), which states in relevant part that "[a]ny person claiming to be aggrieved by an

1. Moodie filed suit prior to the passage of the 1991 Civil Rights Act and is not entitled to a jury trial on his Title VII claim. A jury was empaneled to consider only his claim based on New York law.

unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction ... unless such person had filed a complaint ... with any local commission on human rights," with one exception provided for where a claim is dismissed "on the grounds of administrative convenience." New York Executive Law § 297(9) (McKinney's 1993). The Bank contends that, under this "election of remedies" statute, Moodie is barred from pursuing his state law claim in court because he had filed a complaint with the State Division of Human Rights, which was dismissed, not on the grounds of administrative convenience, but for lack of jurisdiction over the Bank.[2]

Moodie argues that (1) § 297(9) is "primarily intended to avoid *concurrent proceedings* regarding the same claim" (Pl.Mem. at 8, emphasis in original), (2) the statute does not work to deprive this court of subject matter jurisdiction but merely provides the Bank with the affirmative defense of failure to state a cause of action, and (3) the Bank has waived this affirmative defense because it was not timely raised in responsive pleadings as required by Fed.R.Civ.P. 8(c). Moodie also argues that dismissal of the state law claim would violate his "right to a full and fair hearing on the merits of his claim." (Pl.Mem. at 12.)

## I.

The New York Court of Appeals has emphasized that, in enacting § 297(9), the legislature intended the remedies available to persons alleging discrimination to be mutually exclusive:

Executive Law § 297(9) expressly precludes administrative review after the commencement of an action in a judicial forum. Similarly, once a complainant elects the administrative forum by filing a complaint with the Division of Human Rights, a subsequent judicial action on the same complaint is generally barred. The single exception to the mutually exclusive nature of

the elective remedies arises when a complaint is dismissed by the Division for "administrative convenience." (Citations omitted.)

*Marine Midland Bank, N.A. v. New York State Div. of Human Rights,* 75 N.Y.2d 240, 245, 552 N.Y.S.2d 65, 66, 551 N.E.2d 558, 559 (1989).

The New York Court of Appeals has also held that § 297(9) precludes a plaintiff from commencing an action in court even if she withdraws her administrative complaint prior to any determination by the State Division of Human Rights. *Emil v. Dewey,* 49 N.Y.2d 968, 428 N.Y.S.2d 887, 406 N.E.2d 744 (1980).

In support of his argument that § 297(9) was only intended to avoid concurrent proceedings before both the Division of Human Rights and a court, Moodie relies on what he terms "*dicta* " in *Promisel v. First American Artificial Flowers, Inc.,* 943 F.2d 251, 257 (2d Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 939, 117 L.Ed.2d 110 (1992), that: "Once a plaintiff has commenced an administrative proceeding the plaintiff cannot bring a court action while the administrative proceeding is ongoing. Therefore, by the section's terms, Promisel could not bring a state court action while his state administrative action was proceeding."

While Moodie correctly quotes Judge Walker's opinion in that case, the quoted language appears at odds with the pronouncements of New York's highest court, which has been followed uniformly by both state and Southern District courts. *See Pan American Airways v. New York Human Rights Appeal Board,* 61 N.Y.2d 542, 548, 475 N.Y.S.2d 256, 259, 463 N.E.2d 597, 600 (1984) ("the remedies of administrative review through the Human Rights Division or judicial review are mutually exclusive"); *Magini v. Otnorp, Ltd.,* 180 A.D.2d 476, 579 N.Y.S.2d 669, 670 (1st Dept.1992) ("Once a complainant elects the administrative forum by filing a complaint with the Commission on

---

**2.** The State Human Rights Division dismissed Moodie's administrative claim on the ground that it had no jurisdiction over the Bank because it is a "corporate instrumentality of the United States." On the Bank's earlier summary judgment motion, we disagreed with the

State Human Rights Division's position, which we found to be contrary to a determination made by the Appellate Division, Fourth Department. *Moodie v. Federal Reserve Bank of New York,* 835 F.Supp. 751, 753 (S.D.N.Y. 1993).

Human Rights, that becomes the sole avenue of relief, and subsequent judicial action on the same complaint is generally barred, except in the one instance where dismissal is for administrative convenience"). *See also Dapelo v. Banco Nacional de Mexico*, 767 F.Supp. 49, 51 (S.D.N.Y.1991) ("[t]his election of remedies provision, thus, allows an aggrieved individual to seek relief from either the State Division of Human Rights ... or any court of competent jurisdiction but not both"); *Hunnewell v. Manufacturers Hanover Trust Co.*, 628 F.Supp. 759, 761 (S.D.N.Y. 1986); *Klotsche v. City of New York*, 621 F.Supp. 1113, 1116 (S.D.N.Y.1985) and *Koster v. Chase Manhattan Bank, N.A.*, 609 F.Supp. 1191, 1196 (S.D.N.Y.1985).

In any event, unlike Moodie, the *Promisel* plaintiff's agency complaint had been dismissed on the ground of "administrative convenience"—the only ground which the New York statute specifies as not barring a court action—and it was on that basis that the Court of Appeals found that Promisel was not precluded by the statute from pursuing a judicial remedy.

The record is undisputed that Moodie filed a complaint with the State Division of Human Rights and that the dismissal of his complaint was not on the ground of "administrative convenience" but rather for lack of jurisdiction over the Federal Reserve Bank. Accordingly, the Bank's motion must be granted unless it has waived the defense.

## II.

A defense based on the lack of subject matter jurisdiction may be raised at any time. Fed.R.Civ.P. 12(h)(3). A defense of failure to state a claim may be raised "at the trial on the merits." Fed.R.Civ.P. 12(h)(2).

▮ In *Promisel*, the Court of Appeals considered a similar § 297(9) defense even though it was raised for the first time on appeal. This was so because the Court construed the defense as a challenge to the subject matter jurisdiction of the trial court "which may be raised at any time, by the parties, or by the court *sua sponte*." 943 F.2d at 254.

▮ However, even if the Bank's motion is not construed as a challenge to the jurisdiction of the Court but as a motion for failure to state a claim as Moodie suggests (Pl.Mem. at 5), such a motion may be made as late as "at the trial on the merits." Fed.R.Civ.P. 12(h)(2). *See* 5A Wright & Miller, *Federal Practice and Procedure* § 1392 at 759–60 (1990) ("if a party makes a preliminary motion under Rule 12 and fails to include one of the Rule 12(h)(2) objections, he has not waived it ... even if these defenses are not interposed in any pleading, they may be the subject of ... a motion to dismiss at trial"). Since the Bank's motion comes at the eve of the re-trial—the first trial having been declared a nullity—and before any determination on the merits of Moodie's state law claim, the motion is timely and the Bank has not waived the defense.

## III.

▮ Moodie's final argument is that dismissal of his state law claim would violate his right to due process. Moodie had the right to appeal the State Division of Human Rights' dismissal of his administrative complaint but chose rather to pursue a judicial remedy for his state claim in federal court. Moodie claims that an appeal of the administrative dismissal to the New York Supreme Court "would have been futile since a reviewing state court upholding the ... determination may have also refused to assert jurisdiction over the Bank, depriving Plaintiff of his remedy under state law." (Pl.Mem. at 12.) This position is without merit. It is true that in an earlier opinion I disagreed with the Division of Human Rights' mere *ipse dixit* that it had no jurisdiction over the Bank, and noted that the agency's decision was not binding on a federal court. However, had Moodie appealed the agency's decision and won a reversal, his administrative complaint would have been reinstated. Alternatively, had a New York court affirmed the agency's finding on appeal, "a federal court exercising pendent jurisdiction, standing in the shoes of a state court, must follow the state's jurisdictional determination and not allow that claim to be appended to a federal law claim in federal court." *Promisel*, 943 F.2d at 257. In view of the availability of the right to

appeal which Moodie chose not to exercise, there is no deprivation of due process.

\* \* \*

The Bank's motion to dismiss Moodie's state law claim is granted. What remains of Moodie's complaint is the Title VII cause of action which must be tried to the bench. The Court will render a verdict based on the already completed trial record. It is so ordered.