**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 23 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

PATRICIA K. MANN,

      Plaintiff-Appellant and
      Cross-Appellee,

v.

HUTCHINSON PUBLIC SCHOOLS,
U.S.D. 308,

      Defendant-Appellee and
      Cross-Appellant.

Nos. 98-3307 & 98-3318
(D.C. No. 96-CV-1333-JTM)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **ANDERSON** , **BARRETT** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Patricia K. Mann appeals from an order of the district court dismissing her employment retaliation claim. We affirm.

Ms. Mann was employed by defendant in its maintenance department for almost eight years, five of them as supervisor of the grounds crew. She commenced this action after she was terminated, alleging sex discrimination and retaliation. At the conclusion of trial, the district court granted defendant's motion for judgment as a matter of law, see Fed. R. Civ. P. 50, on her sex discrimination claim. Her retaliation claim was submitted to the jury. A mistrial was declared after the jury was unable to reach a verdict. [1] Shortly before retrial, defendant moved to dismiss the retaliation claim. The court granted the motion.

In appeal No. 98-3307, Ms. Mann argues that the district court erred in granting defendant's motion to dismiss her retaliation claim. She also asserts she met her burden to state a retaliation claim and the second trial should proceed. Ms. Mann does not contest the dismissal of her sex discrimination claim. In appeal No. 98-3318, defendant cross-appeals the district court's denial of its Rule 50 motion as to Ms. Mann's retaliation claim.

---

[1] Ms. Mann states that the jury found that she had been retaliated against, but was unable to agree on damages. The record does not support this assertion. The district court stated that the jury was unable to reach a verdict on her retaliation claim. We accept the district court's characterization.

Ms. Mann argues that defendant's motion to dismiss was untimely because it was not filed until just prior to the second trial. Ms. Mann contends defendant was actually seeking reconsideration, pursuant to Fed. R. Civ. P. 59, of the court's denial of its Rule 50 motion.

If the motion to dismiss were actually a Rule 59 motion, we would agree that it was untimely as it was filed more than three months after the declaration of a mistrial. However, Rule 59 motions are to be filed "after entry of the judgment." Id. An order granting a mistrial is an interlocutory order, not a judgment. Cf. Esneault v. Waterman S.S. Corp., 449 F.2d 1296, 1297 (5th Cir. 1971) (order granting mistrial is interlocutory and not appealable as a final judgment). Defendant did not file its motion to dismiss pursuant to Rule 59.

Despite the fact that the motion is titled "Motion to Dismiss," defendant contends it filed the motion pursuant to Rule 50(a)(2) which permits filing at any time before the case is submitted to the jury. Defendant notes that it filed the motion before the case was submitted to a second jury. However, Rule 50(a)(2) motions may only be filed "during a trial by jury." Id. The motion was not filed during trial, but after the first trial and before the second trial was scheduled to begin. Thus, the motion to dismiss was not filed pursuant to Rule 50(a)(2).

We conclude that the motion to dismiss was filed pursuant to Fed. R. Civ. P. 12(b)(6). A Rule 12(b) motion to dismiss may be "made in

any pleading . . . , or by motion for judgment on the pleadings, or at the trial on the merits." Rule 12(h)(2). "In other words, a defense of dismissal is waived only when presented after trial." Weatherhead v. Globe Int'l, Inc., 832 F.2d 1226, 1228 (10th Cir. 1987); see also Moodie v. Federal Reserve Bank, 861 F. Supp. 10, 13 (S.D.N.Y. 1994) (Rule 12(b)(6) motion not waived even if not made until the eve of re-trial after the first trial was declared a nullity, as long as it is filed before any merits determination is made on plaintiff's claim). Defendant's motion was timely.

A Rule 12(b)(6) motion must be based only on the facts stated in the pleadings. See Rule 12(b)(6). A review of the motion shows that defendant referred to matters outside the pleadings, including the evidence presented at trial. When a party files a motion to dismiss, but relies on matters outside the pleadings, and those matters are not excluded by the court in its consideration, the motion must "be treated as one for summary judgment" under Fed. R. Civ. P. 56 and notice must be given to the opposing party permitting it to also present "all material made pertinent." Id.

The district court considered all the materials to which defendant referred. Thus, the motion was converted to one for summary judgment. Ms. Mann was not given notice of this conversion. However, the lack of notice was harmless error as Ms. Mann responded in kind and discussed the evidence she presented at

trial.  See David v. City & County of Denver, 101 F.3d 1344, 1352 (10th Cir. 1996), and cases cited therein.  The Rule 12(b)(6) motion was properly converted to a motion for summary judgment and was properly considered by the district court.

"We review the entry of summary judgment de novo, drawing all reasonable inferences in favor of the nonmovants." Hulsey v. Kmart, Inc., 43 F.3d 555, 557 (10th Cir. 1994).  The moving party must show there is no genuine issue as to any material fact and it is entitled to judgment as a matter of law.  See id.  The nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case.  See id.

The analytical framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973), guides our review of a retaliation claim.  See Anderson v. Coors Brewing Co., 181 F.3d 1171, 1178 (10th Cir. 19 99).  First, Ms. Mann must establish a prima facie case of retaliation.  See id.  Then defendant must support its employment decision with a non-discriminatory reason.  See id.  Finally, Ms. Mann must rebut defendant's reason by showing it is pretextual.  See id.  To establish a prima facie case of retaliation, Ms. Mann must show "(1) protected opposition to discrimination or participation in a proceeding arising out of discrimination; (2) adverse action by the employer; and (3) a causal connection between the protected activity and the adverse action. "

Jeffries v. Kansas, 147 F.3d 1220, 1231 (10th Cir. 1998) (quotation omitted). To prevail on the first prong, Ms. Mann must show that she had a good faith, reasonable belief that she was being subjected to unlawful discrimination. See Love v. Re/Max of Am., Inc., 738 F.2d 383, 385 (10th Cir. 1984) ("opposition activity" is protected even when based on mistaken good faith belief). Thus, Ms. Mann must show that, at the time she told her supervisor, Ray Atkins, she thought he was discriminating against her, the actions she complained of were ones she reasonably could have believed had been taken due to her sex.

Here the issue is whether Ms. Mann met the first prong of a prima facie case. She has established an adverse employment action. See Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 761 (1998) ("A tangible employment action constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits."). Ms. Mann may also have established the third prong, if we determine that she has met the first prong, as her termination occurred twelve days after she threatened to file discrimination charges. See Chavez v. City of Arvada, 88 F.3d 861, 866 (10th Cir. 1996) (retaliatory motive may be inferred when an adverse action closely follows protected activity).

Ms. Mann argues that she has met the first prong because she had a reasonable good faith belief that she was the object of gender discrimination. To support her argument, Ms. Mann cites to evidence she presented demonstrating that her problems with Mr. Atkins began when he was appointed her supervisor. In her complaint, she alleged that Mr. Atkins derogated her authority to her crew, scrutinized her more than other employees, made sarcastic remarks about her to other employees, delayed requesting raises for her, criticized her for using an indoor toilet rather than a tree on the school grounds, and investigated a Christmas gift she received from a local nursery.

At trial, Mr. Atkins stated that some of her crew had complained to him that Ms. Mann was showing favoritism to others. He talked to her about that and admitted he kept a close eye on her to see if her behavior changed. Ms. Mann admitted that, as a supervisor, more was expected of her than of her crew members and that she should not show favoritism towards her crew members. See Appendix at 171:23.

Ms. Mann testified that when she asked for a pay increase, Mr. Atkins told her she was making more money than many men with families. See id. at 104:59. However, she subsequently received the largest raise she had ever received as a supervisor. See id. at 170:17. Mr. Atkins also wrote her a very favorable recommendation when the request was submitted. See id. at 105:63-64.

Ms. Mann testified that a male employee spent $80.00 of school funds on long distance phone calls for which he was put on probation and was required to repay the funds.  See id. at 110:82.  Ms. Mann did not testify that she knew, at the time she told Mr. Atkins he was discriminating against her, that one of the issues supporting her termination would be that she kept $2.99  she received  after cashing in a sack of aluminum cans, an issue she now cites as sexual discrimination.

While Ms. Mann testified that Mr. Atkins investigated the gift of a Christmas tree she received from a friend, who was also a supplier for the school, she did not testify that he took any action against her.      Nor did Ms. Mann show, beyond a conclusory statement, that male employees had received similar gifts without any investigation at all.     See id. at 112:92.

Ms. Mann testified that Mr. Atkins made unwelcome comments to her and about her to others.  However, she failed to show that any of them were sexually motivated.  Ms. Mann's husband testified that his wife thought that Mr. Atkins treated her differently than other employees, but he did not indicate that she thought Mr. Atkins generally treated women differently from men.      See id. at 135:183-84; 136:186.

Ms. Mann presented no evidence establishing that she had a reasonable good faith belief that she was the object of unlawful sexual discrimination.  She

has failed to meet the first prong of the prima facie case.  Therefore, we AFFIRM

the judgment of the United States District Court for the District of Kansas in

appeal No. 98-3307.  We DISMISS appeal No. 98-3318 as moot.


                                        Entered for the Court


                                        James E. Barrett
                                        Senior Circuit Judge