■ In the Matter of WILLIAM R. WHITNEY, Petitioner, v STATE HUMAN RIGHTS APPEAL BOARD, Respondent. CITY OF ALBANY, Respondent. — Proceeding initiated in this court pursuant to section 298 of the Executive Law to review a determination of the State Human Rights Appeal Board, dated April 5, 1984, which affirmed an order of the State Division of Human Rights dismissing petitioner's complaint of an unlawful discriminatory practice based on disability.

Petitioner was employed by the Albany Police Department from February 13, 1959 until April 28, 1982, when he was discharged due to his violation of a stipulation he had entered into on April 6, 1982 with the City of Albany. The parties entered into the stipulation in settlement of disciplinary charges brought against petitioner on March 7, 1982 by a superior officer. The stipulation provided for a penalty of discharge from service if a test revealed the presence of alcohol in his blood.

This penalty, however, was suspended during the remainder of his employment upon the condition that he did not violate the terms of the stipulation.

Petitioner did subsequently violate the terms of the stipulation and the penalty of termination of his employment was imposed. He thereafter commenced a CPLR article 78 proceeding in Supreme Court seeking restoration to the payroll of the Albany Police Department retroactive to April 28, 1982 and until "respondent complies with the requirements and proceedings of the Civil Service Law". This proceeding was ultimately dismissed. An appeal was taken by petitioner from the order of dismissal to this court, but it too was dismissed. Subsequently, on March 1, 1983, petitioner filed a complaint with the State Division of Human Rights charging respondent with a discriminatory practice relating to employment based on his disability of alcoholism. The division determined that it did not have jurisdiction over the complaint because "complainant had taken prior civil action in a court of competent jurisdiction based on the same grievance upon which he filed his complaint". An appeal was taken to the State Human Rights Appeal Board by petitioner and that board affirmed the dismissal. This proceeding for review pursuant to section 298 of the Executive Law followed.

The determination of the State Division of Human Rights that it did not have jurisdiction was correct. The order of the State Human Rights Appeal Board should therefore be confirmed and the petition herein dismissed. The record establishes that petitioner's conduct in violation of the stipulation was the conduct on which both the CPLR article 78 proceeding and the complaint filed with the division was based. It is apparent here that the stipulation covered petitioner's activities related to his alcohol problem in connection with his employment.

Petitioner elected to seek his remedy in the prior article 78 proceeding in the Supreme Court. Under the provisions of subdivision 9 of section 297 of the Executive Law, he is precluded from pursuing his rights before the division upon the same grievance (*Emil v Dewey,* 49 NY2d 968; *Matter of McGrath v State Human Rights Appeal Bd.,* 90 AD2d 916).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.