Vincent **MOODIE**, Plaintiff–Appellant,

v.

**FEDERAL RESERVE BANK OF NEW YORK, Defendant–Appellee.**

No. 1248, Docket 94–6259.

United States Court of Appeals, Second Circuit.

Argued March 8, 1995.

Decided July 3, 1995.

Alex E. Miller, New York City (Thomas J. Moloney, Raymond J. Lohier, Anne E. Erskine, Cleary, Gottlieb, Steen & Hamilton, New York City, of counsel), for plaintiff-appellant.

Thomas C. Baxter, Jr., Deputy General Counsel, Federal Reserve Bank of New York, New York City (Jonathan I. Polk, Counsel, Martin C. Grant, Counsel, Anita G. Ramasastry, Atty., Federal Reserve Bank of New York, New York City, of counsel), for defendant-appellee.

Before: MAHONEY, WALKER, and CALABRESI, Circuit Judges.

MAHONEY, Circuit Judge:

Plaintiff-appellant Vincent Moodie appeals from a judgment entered September 6, 1994 in the United States District Court for the Southern District of New York, Morris E. Lasker, *Judge,* that dismissed Moodie's amended complaint against defendant-appellee Federal Reserve Bank of New York (the "Reserve Bank"). Moodie alleged that he was discharged by the Reserve Bank in violation of applicable federal and state law prohibiting discrimination based on race and age.[1] Moodie's state law claims were dismissed on the basis that Moodie's election to seek state administrative remedies prior to seeking redress in court deprived the district court of subject matter jurisdiction pursuant to New York Executive Law § 297(9). *See Moodie v. Fed. Reserve Bank,* 861 F.Supp. 10, 12–14 (S.D.N.Y.1994). The district court dismissed Moodie's federal discrimination claims on the merits after a bench trial. *See*

*Moodie v. Fed. Reserve Bank,* 862 F.Supp. 59 (S.D.N.Y.1994).

We affirm.

## Background

In October 1989, Moodie, a black, 57–year–old male, was fired from his job as a senior computer operator with the Reserve Bank after he was involved in an altercation with a white fellow employee. On January 31, 1990, Moodie filed a complaint with the New York State Division of Human Rights (the "NYSDHR") that alleged race and age discrimination "in violation of applicable state and federal law." The NYSDHR made an investigative demand upon the Reserve Bank, and the Reserve Bank responded by requesting that the NYSDHR dismiss Moodie's complaint on the basis that New York law does not apply to the Reserve Bank, and the NYSDHR therefore lacked jurisdiction over the Reserve Bank. The NYSDHR then issued a Determination and Order after Investigation that dismissed Moodie's complaint because the Reserve Bank was "not subject to the jurisdiction of the New York State Human Rights Law."

The NYSDHR determination noted that Moodie could appeal therefrom to New York State Supreme Court, but cautioned that an adverse determination of such an appeal might deprive him of the right to pursue his Title VII claim in federal court, citing *Kremer v. Chemical Constr. Corp.,* 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982). The determination also stated that Moodie could "request ... review of this action" as it related to his federal claims by the U.S. Equal Employment Opportunity Commission (the "EEOC"). Moodie did not appeal the NYSDHR ruling in state court, but pursued his federal discrimination claims before the EEOC. The EEOC determined after an investigation that the claims lacked merit, and issued a right to sue letter on September 27, 1991.

---

1. Specifically, Moodie pled that:

   This action is brought to remedy discrimination in employment on the basis of race, pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), and 42 U.S.C. §§ 1981, *et seq.,* and to remedy discrim-

   ination on the basis of age, pursuant to the Age Discrimination in Employment Act of 1967, as amended 29 U.S.C. § 621 *et seq.* ("ADEA"). This action also seeks to remedy both race and age discrimination under New York State Human Rights Law, Executive Law § 290 *et seq.*

On October 1, 1991, Moodie, acting *pro se*, filed a complaint in the United States District Court for the Southern District of New York, and on October 9, 1992, having obtained counsel, filed an amended complaint. The amended complaint alleged that Moodie was fired on the basis of his age and race in violation of various federal antidiscrimination laws and the New York Human Rights Law, see *supra* note 1, but Moodie later dropped his ADEA claim and his claim under 42 U.S.C. § 1981, with the result that his only remaining federal claim was for race discrimination under Title VII.

Upon the completion of discovery, the Reserve Bank moved for summary judgment. The Reserve Bank argued that state antidiscrimination law did not apply to the Reserve Bank, and that none of Moodie's claims raised a genuine issue of material fact. On September 20, 1993, the district court denied the motion, finding that the Reserve Bank was subject to the antidiscrimination provisions of New York law and that material issues of fact existed regarding Moodie's claims of discrimination. *See Moodie v. Fed. Reserve Bank*, 831 F.Supp. 333, 335 (S.D.N.Y.1993). The Reserve Bank moved to reargue the district court's decision insofar as it deemed New York's antidiscrimination law applicable to the Reserve Bank, and the district court denied that motion on November 17, 1993. *See Moodie v. Fed. Reserve Bank*, 835 F.Supp. 751, 754 (S.D.N.Y.1993). The court also denied the Reserve Bank's ensuing requests to bifurcate the liability and damages phases of the trial pursuant to Fed. R.Civ.P. 42(b), and to certify for appeal, pursuant to 28 U.S.C. § 1292(b), the issue whether the Reserve Bank was subject to New York's antidiscrimination law.

Moodie's trial began on May 23, 1994. The federal claim was tried to the bench, and the state claim to a jury. After two-and-one-half days of deliberations, the jury was deadlocked on the issue of liability, and the district court declared a mistrial.

The bank renewed its request that the district court certify the issue whether New York's antidiscrimination law may apply against the Reserve Bank, and the district court again denied the request and set a new trial date of August 18, 1994. On August 4, 1994, the Reserve Bank moved to dismiss the state law claim on the ground that under New York Executive law § 297(9), an election of remedies provision, the district court lacked subject matter jurisdiction over the state law claim because Moodie originally had elected to pursue administrative remedies. Moodie argued that § 297(9) merely provides an affirmative defense, and that the Reserve Bank had waived the defense. On August 17, 1994, the district court granted the Reserve Bank's motion, finding that it lacked subject matter jurisdiction or, in the alternative, that in light of § 297(9), Moodie had failed to state a claim. *See Moodie*, 861 F.Supp. at 12–13.

Nine days later, the district court issued its decision on Moodie's federal claim, and ruled that Moodie had not proven his allegation that his termination was motivated by racial discrimination. *See Moodie*, 862 F.Supp. at 66. The district court accordingly dismissed Moodie's complaint. *Id.* at 67.

This appeal followed.

## Discussion

On appeal, with respect to his state-law claim, Moodie renews his argument that § 297(9) merely affords the Reserve Bank an affirmative defense, and that because the Reserve Bank did not assert a § 297(9) defense in its answer and failed to raise it until very late in the litigation, the defense has been waived. While Moodie does not directly contest the district court's resolution of his federal claim, he contends that this ruling must be vacated in the event that we decide in his favor with respect to his state claim. *See Lytle v. Household Mfg.*, 494 U.S. 545, 556 n. 4, 110 S.Ct. 1331, 1338, n. 4, 108 L.Ed.2d 504 (1990); *Lambert v. Genesee Hosp.*, 10 F.3d 46, 57–58 (2d Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1612, 128 L.Ed.2d 339 (1994).

The Reserve Bank argues that: (1) § 297(9) provides a jurisdictional bar to judicial resolution once a plaintiff has brought his state law discrimination claim before the NYSDHR; (2) in any event, the § 297(9) defense was asserted in a timely manner; (3)

the Reserve Bank is not subject to state antidiscrimination laws; and (4) in any event, the NYSDHR's determination of that issue may not be collaterally attacked.

■ Because we agree with the Reserve Bank that § 297(9) deprives the district court of subject matter jurisdiction, we affirm without reaching the merits of the Reserve Bank's remaining arguments. In view of our resolution of this issue, Moodie's waiver claim becomes moot, however preferable it would have been for the Reserve Bank to have advanced its § 297(9) position earlier in the litigation. As we recently stated: "Defects in subject matter jurisdiction cannot be waived and may be raised at any time during the proceedings." *Fox v. Board of Trustees of the State Univ.*, 42 F.3d 135, 140 (2d Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 2634, 132 L.Ed.2d 873 (1995); *see also* Fed.R.Civ.P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

Section 297(9) provides in pertinent part that:

Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages and such other remedies as may be appropriate, unless such person had filed a complaint hereunder or with any local commission on human rights, ... provided that, where the division [of human rights] has dismissed such complaint on the grounds of administrative convenience, such person shall maintain all rights to bring suit as if no complaint had been filed.... No person who has initiated any action in a court of competent jurisdiction or who has an action pending before any administrative agency under any other law of the state based upon an act which would be an unlawful discriminatory practice under this article, may file a complaint with respect to the same grievance under this section....

The first quoted sentence from § 297(9) specifies that, subject to the "administrative convenience" exception, a person who has filed an administrative complaint regarding

discrimination is thereby deprived of his judicial "cause of action." The second quoted sentence makes clear that a person who has previously "initiated" a court action regarding alleged discrimination may not thereafter "file a complaint" regarding that discrimination with the Division of Human Rights. The New York Court of Appeals held in *Emil v. Dewey,* 49 N.Y.2d 968, 406 N.E.2d 744, 428 N.Y.S.2d 887 (1980) (mem.), that in the first situation, when a party files a complaint with the Division of Human Rights regarding alleged discrimination, that party is thereafter barred from "commencing an action" in court regarding that discrimination, even after withdrawing the administrative complaint. *Emil* ruled as follows:

The record indicates, and it is conceded, that prior to commencing this action the plaintiff had filed a complaint with the State Division of Human Rights. Although the plaintiff withdrew that complaint prior to any determination by the division; there is no showing this was done for administrative convenience. Under these circumstances the statute (Executive Law, § 297, subd. 9) precludes the plaintiff *from commencing an action* in court based on the same incident.

49 N.Y.2d at 969, 406 N.E.2d at 745, 428 N.Y.S.2d at 887 (emphasis added).

The Court of Appeals has reiterated the *Emil* ruling on several occasions. In *Pan American World Airways v. New York State Human Rights Appeal Board,* 61 N.Y.2d 542, 463 N.E.2d 597, 475 N.Y.S.2d 256 (1984), the court stated:

Generally, the remedies of administrative review through the Human Rights Division or judicial review are *mutually exclusive* (see Executive Law, § 297, subd. 9; see, also, *Emil v. Dewey,* 49 N.Y.2d 968, 969, 428 N.Y.S.2d 887, 406 N.E.2d 744). An exception is provided when a complaint is dismissed for administrative convenience: a suit may be brought as if a complaint had never been filed (Executive Law, § 297, subd. 9; see *Low v. Gibbs & Hill,* 92 A.D.2d 467, 468, 459 N.Y.S.2d 47 [ (1st Dep't.1983)) ].

61 N.Y.2d at 548, 463 N.E.2d at 600, 475 N.Y.S.2d at 259 (emphasis added).

Similarly, in *Marine Midland Bank v. New York State Division of Human Rights*, 75 N.Y.2d 240, 551 N.E.2d 558, 552 N.Y.S.2d 65 (1989), the court said:

> [O]nce a complainant elects the administrative forum by filing a complaint with the Division of Human Rights, a subsequent judicial action on the same complaint is *generally barred* (Executive Law § 297[9]).
>
> The single exception to the *mutually exclusive nature of the elective remedies* arises when a complaint is dismissed by the Division for "administrative convenience" (Executive Law § 297[9]; *Emil v. Dewey*, 49 N.Y.2d 968, 969, 428 N.Y.S.2d 887, 406 N.E.2d 744).

75 N.Y.2d at 245, 551 N.E.2d at 559, 552 N.Y.S.2d at 66 (emphasis added); *see also* the citations of *Emil* in *Kirkland v. City of Peekskill*, 828 F.2d 104, 109 (2d Cir.1987); *DeCintio v. Westchester County Medical Ctr.*, 821 F.2d 111, 118 n. 12 (2d Cir.), *cert. denied*, 484 U.S. 965, 108 S.Ct. 455, 98 L.Ed.2d 395 (1987); and *Moodie*, 861 F.Supp. at 12–13 (collecting cases).[2]

Moodie attempts to dismiss this New York authority on the basis that the Court of Appeals "has never intimated its view as to what type of defense [§ 297(9)] creates." While this may be literally true, because no reported New York case has presented the delayed assertion of a § 297(9) bar that made the issue pertinent, *Emil* and its Court of Appeals progeny certainly speak in jurisdictional terms. *Emil* itself precludes Moodie "from commencing an action in court based on the same incident." 49 N.Y.2d at 969, 406 N.E.2d at 745, 428 N.Y.S.2d at 887.

Further, *Emil* has consistently been construed as a jurisdictional ruling by the New York Appellate Division courts. *See Kuperman v. Association of the Bar*, 118 A.D.2d 547, 547–48, 499 N.Y.S.2d 8, 9 (2d Dep't 1986) (mem.) (prior filing of administrative complaint precluded "commencing an action," citing *Emil*); *Whitney v. State Human Rights Appeal Bd.*, 105 A.D.2d 991, 992, 482 N.Y.S.2d 142, 143 (3d Dep't 1984) (mem.) (in view of prior court action, Division of Human Rights properly concluded that it lacked "jurisdiction," citing *Emil*); *Spoon v. American Agriculturalist, Inc.*, 103 A.D.2d 929, 930, 478 N.Y.S.2d 174, 175 (3d Dep't 1984) (mem.) (prior administrative proceeding "deprived the court of subject matter jurisdiction," citing *Emil*); *McGrath v. State Human Rights Appeal Board*, 90 A.D.2d 916, 916, 456 N.Y.S.2d 874, 875–76 (3d Dep't 1982) (mem.) (prior court action "made it jurisdictionally impossible" for Division of Human Rights to address complainant's grievance, citing *Emil*); *see also Horowitz v. Aetna Life Ins.*, 148 A.D.2d 584, 585, 539 N.Y.S.2d 50, 52 (2d Dep't 1989) (mem.) (prior filing of administrative complaint deprived court of "subject matter jurisdiction").

*Magini v. Otnorp, Ltd.*, 180 A.D.2d 476, 579 N.Y.S.2d 669 (1st Dep't) (mem.), *appeal denied*, 80 N.Y.2d 751, 599 N.E.2d 691, 587 N.Y.S.2d 287 (1992), is not to the contrary. The First Department in that case reinstated the defendants' (timely filed) "affirmative defense of election of remedies," *id.* at 476, 579 N.Y.S.2d at 669, but the court was not faced with the question whether § 297(9) provides such a defense or is jurisdictional. Rather, the court simply accepted the *defendants'* characterization of § 297(9) as providing an affirmative defense and dismissed the complaint on that ground, stating:

> Executive Law § 297 subd. 9 provides a civil cause of action for discriminatory practice, unless an administrative complaint has already been filed and has not

<hr>

2. Moodie contends that § 297(9) bars only concurrent administrative and judicial proceedings, but permits a judicial proceeding once an administrative proceeding has been completed. He relies on *Promisel v. First American Artificial Flowers*, 943 F.2d 251, 257 (2d Cir.1991), *cert. denied*, 502 U.S. 1060, 112 S.Ct. 939, 117 L.Ed.2d 110 (1992), which contains dicta that may be read to support this proposition. As *Promisel* recognized, however, the issue is governed by state law, *see id.*, and it is clear that New York law bars successive, as well as concurrent, court proceedings once recourse is had to the administrative forum. We note also that *Promisel*, which involved a dismissal for administrative convenience, held on the § 297(9) issue only that: "Section 297 clearly provides that a plaintiff whose complaint is dismissed for administrative convenience may seek a court remedy." 943 F.2d at 257.

**884**

been dismissed for "administrative convenience". *These remedies are intended to be mutually exclusive.* Once a complainant elects the administrative forum by filing a complaint with the Commission on Human Rights, that becomes the sole avenue of relief, and *subsequent judicial action on the same complaint is generally barred,* except in the one instance where dismissal is for "administrative convenience" (*Marine Midland Bank v. New York State Division of Human Rights,* 75 N.Y.2d 240, 245, 552 N.Y.S.2d 65, 551 N.E.2d 558; *Nagle v. John Hancock Mut. Life Ins. Co.,* 767 F.Supp. 67 [ (S.D.N.Y. 1991)) ].

180 A.D.2d at 476–77, 579 N.Y.S.2d at 670 (emphasis added).

As we recognized in *Promisel,* 943 F.2d at 257, a state law depriving its courts of jurisdiction over a state law claim also operates to divest a federal court of jurisdiction to decide the claim. *See Woods v. Interstate Realty Co.,* 337 U.S. 535, 537–38, 69 S.Ct. 1235, 1236–37, 93 L.Ed. 1524 (1949) (diversity jurisdiction); *Hamilton v. Roth,* 624 F.2d 1204, 1209–12 (3d Cir.1980) (pendent jurisdiction). The resolution of the meaning of § 297(9) is an issue of state law for whose resolution we look to the interpretive rulings of New York courts. *See Rounseville v. Zahl,* 13 F.3d 625, 629 n. 1 (2d Cir.1994) ("[T]he District Court is bound to apply state law when ruling on a pendent state claim.") (citing *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *Promisel,* 943 F.2d at 257). Both the language of the statute and its consistent judicial interpretation establish that § 297(9) poses an insuperable jurisdictional bar to the advancement of Moodie's state law claims in this litigation.

### Conclusion

The judgment of the district court is affirmed. The parties shall bear their own costs.