**Michele TADDEO, Plaintiff,**

v.

**RUGGIERO FARENGA, INC., Defendant.**

**No. 96 Civ. 4995(LLS).**

United States District Court, S.D. New York.

July 6, 2000.

Law Office of Michael G. O'Neill, New York City, of counsel Michael G. O'Neill, for plaintiff.

Mandel & Resnik, New York City, of counsel Elizabeth D. Schrero, David Monachino, for defendant.

### OPINION and ORDER

STANTON, District Judge.

Plaintiff Michele Taddeo seeks compensatory, punitive and liquidated damages under the federal Age Discrimination and Employment Act of 1967, 29 U.S.C. §§ 621, *et seq.* ("ADEA"), the New York State Human Rights Law, N.Y.Exec.Law §§ 296, *et seq.*, and the New York City Human Rights Law, N.Y.C.Admin.Code, §§ 8–101, *et seq.*, for the termination of his employment as a maintenance worker at defendant Ruggiero Farenga Inc.'s funeral home.

Plaintiff concedes that, because he filed an administrative complaint with the New York State Division of Human Rights ("NYSDHR") on April 18, 1995, this court does not have subject matter jurisdiction over his claims for age discrimination un-

der the New York State and New York City Human Rights Laws. *See* N.Y.Exec.L. § 297(9) (McKinney 1999); N.Y.C.Admin.Code § 8–502(a); *Moodie v. Federal Reserve Bank of New York*, 58 F.3d 879 (2d Cir.1995). Accordingly, those claims are dismissed.

Defendant moves to dismiss plaintiff's Amended Complaint pursuant to F.R.Civ.P. 12(c), or for summary judgment pursuant to F.R.Civ.P. 56. It argues that plaintiff's only claim is for back pay (and associated other relief) and that he cannot recover back pay because his higher earnings at his new job have erased any interim loss.

### Damages

Plaintiff was fired on February 14, 1995. He was employed by Kencal Maintenance Corporation in September 1996 at a higher wage. Defendant claims he has earned more at Kencal than all he would have earned since his firing, if he had continued to work for defendant. So, defendant says, since back pay runs from the time of termination to the date of judgment, plaintiff has suffered no loss and is not entitled to any back pay or liquidated damages [1] award, and his claim must be dismissed. Defendant points to language such as it plucks from *Armstrong v. Trans World Airlines, Inc.*, 1991 WL 102511, *3 (S.D.N.Y.), that "Where interim earnings exceed any back pay award, back pay is not appropriate."

Plaintiff argues that the "interim" period during which his back pay claim accrued is measured from his date of termination to the date that he obtained new employment, and that applying his earnings after that period, to mitigate damages suffered during it, would penalize him and grant defendant an unmerited windfall.

### Discussion

"An employee is generally entitled to back pay from the date of his wrongful termination to the date the discrimination is rectified." *Clarke v. Frank*, 960 F.2d 1146, 1151 (2d Cir.1992). Any back pay award must be reduced by plaintiff's interim earnings or amounts " 'earnable with reasonable diligence'." *Bonura v. Chase Manhattan Bank, N.A.*, 629 F.Supp. 353, 355 (S.D.N.Y.1986), *quoting*, 42 U.S.C. § 2000e–5(g), *aff'd* 795 F.2d 276 (2d. Cir. 1986).

■ The word "interim", although frequently used, is less than fully clear. It denotes the period during which injury is sustained by the plaintiff, and thus requires two components: (1) the time period between the firing and another event (*e.g.*, court judgment, offer of reinstatement, or better employment), during which he obtained (2) lower earnings than he did while employed by defendant. Accordingly, "interim" earnings are by definition less than those previously paid, and are applied to mitigate a continuing injury. If (despite reasonable efforts) plaintiff has no earnings in that period, nothing mitigates his damages. The "interim" period ends and damages for back pay cease to accrue once the employee obtains comparable or better paying employment or if the employer makes an unconditional offer to reinstate the employee. *See Nordquist v. Uddeholm Corp.*, 615 F.Supp. 1191, 1204 (D.Conn.1985) (back pay damages are calculated from "the date of termination to the date of employment at equal or higher salary if the plaintiff was fortunate enough to obtain such employment prior to the date of trial."); *Stephens v. C.I.T. Group/Equipment Financing, Inc.*, 955 F.2d 1023, 1029 (5th Cir.1992) ("damages are 'settled and complete' and the back pay period ends, when the plaintiff begins

---

[1].  "The ADEA authorizes, in the case of willful discrimination, an award of liquidated damages equal to an award of compensatory damages." *Paolitto v. John Brown E.&C., Inc.*, 151 F.3d 60, 67 (2d Cir.1998). *See also*, 29 U.S.C. § 626(b). Thus, defendant argues, if plaintiff is not entitled to back pay (his only claimed pecuniary loss), he is not entitled to liquidated damages.

earning more at his new job than he did at the job from which he was discharged."); *Watlington v. University of Puerto Rico,* 751 F.Supp. 318, 332 (D.Puerto Rico 1990) (allowing damages only for particular months when plaintiff made less than his prior earnings, because "damages for back pay cease when the plaintiff begins to earn higher wages than what he would have received from his previous job."); *Ford Motor Co. v. E.E.O.C.,* 458 U.S. 219, 102 S.Ct. 3057, 3070, 73 L.Ed.2d 721 (1982) ("absent special circumstances, the rejection of an employer's unconditional job offer ends the accrual of potential backpay liability.").

■ Plaintiff's acceptance of more favorable employment acted to terminate the accrual of further back pay damages, not to eliminate those already suffered during the nineteen months that he was unemployed and had no earnings.

### Conclusion

Plaintiff's claims under N.Y.Exec.Law §§ 296, *et seq.,* and N.Y.C.Admin.Code, §§ 8–101, *et seq.* are dismissed. Defendant's motion to dismiss plaintiff's claims under the ADEA on the basis that plaintiff is entitled to no damages is denied. *See Nordquist v. Uddeholm Corp.,* 615 F.Supp. at 1203 (denying defendant's motion for a directed verdict "insofar as it rests on the assumption that plaintiff is not entitled to or did not suffer any back pay damages.").

Treating as a request for a pre-motion conference defendant's suggestion in its letter to the court dated April 5, 2000 that plaintiff's claim may be barred by collateral estoppel, the conference will be held on August 11, 2000 at 11:00 a.m.

So ordered.