**Patricia J. HUGHES, Plaintiff–Appellant,**

v.

**CRUCIBLE SERVICE CENTERS, DIV. CRUCIBLE MATERIAL, Defendant–Appellee.**

No. 06–0083.

United States Court of Appeals, Second Circuit.

Jan. 22, 2007.

Patricia J. Hughes, Fayetteville, New York, pro se, for Appellant.

Margaret Armstrong Weidner, Jackson Lewis, LLP, White Plains, New York, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. WILFRED FEINBERG, Hon. GUIDO CALABRESI, Circuit Judges.

### SUMMARY ORDER

This is an appeal from a grant of summary judgment by the District Court for the Northern District of New York (Mordue, *J.*), dismissing the discrimination complaint filed by Patricia J. Hughes. We assume the parties' familiarity with the facts, procedural background and issues presented for review.

We review the district court's grant of summary judgment *de novo,* construing the evidence in the light most favorable to the respondent. *Tenenbaum v. Williams,* 193 F.3d 581, 593 (2d Cir.1999). Summary judgment is appropriate only if "there is no genuine issue as to any material fact and [ ] the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).

■ Hughes concedes that her claims are predicated on retaliation, not on a hostile work environment; therefore, only those discriminatory acts that are alleged to have occurred within 300 days of the filing of her complaint are actionable. *See* 42 U.S.C. § 2000e–5(e)(1); *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 114–17, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). It follows that Hughes may base her claims only on events alleged to have occurred after September 10, 1998.

■ *Title VII discrimination claim.* Hughes fails to make out a *prima facie* case of discrimination under 42 U.S.C. § 2000e–2(a)(1) because, even assuming all of her allegations to be true, there is no dispute that five of the nine employees terminated in January 1999 were men. *See Farias v. Instructional Sys., Inc.,* 259 F.3d 91, 98 (2d Cir.2001).

■ *ADA claim.* The record demonstrates that Hughes' medical condition did not limit her "major life activities," 42 U.S.C. § 12102(2)(A), and that in any case, her employer made attempts to accommodate it. Moreover, Hughes' claim that her termination was related to her alleged disabilities fails as conclusory.

■ *Retaliation.* Hughes fails to make out a *prima facie* case of retaliation under 42 U.S.C. § 2000e–3(a) because there is no indication that the employer was aware of her request that a disability be accommodated. *See Reed v. A.W. Lawrence & Co.,* 95 F.3d 1170, 1178 (2d Cir.1996). Moreover, Hughes' claim that her termination was retaliatory fails as conclusory.

■ *State court claims.* Because Hughes filed a complaint with the New York State Department of Human Rights, the district court was divested of jurisdiction over the state law claims that were raised in that complaint. *See Moodie v. Fed. Reserve Bank of New York,* 58 F.3d 879, 882 (2d Cir.1995) (citing N.Y. Exec. Law § 297(9) and observing that "a state law depriving its courts of jurisdiction over a state law claim also operates to divest a federal court of jurisdiction to decide the claim").

■ *Bill of costs.* Hughes' argument that the district court abused its discretion in taxing the cost of her deposition is without merit. She offers no basis for her claim that the district court could not have "used" her deposition within the meaning of 28 U.S.C. § 1920, and "the trial court is in a better position than we are to assess the extent to which it 'used' the [ ] deposition in ruling on defendants' summary judgment motion." *Whitfield v. Scully,* 241 F.3d 264, 272 (2d Cir.2001).

We have considered all of Hughes' remaining arguments and find them to be

without merit. For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**