Lawrence GUARDINO, Plaintiff,

v.

**VILLAGE OF SCARSDALE POLICE DEPARTMENT, Defendant.**

No. 09 Civ. 8559(CM).

United States District Court,
S.D. New York.

Sept. 6, 2011.

Lawrence Guardino, Yonkers, NY, pro se.

## DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

McMAHON, District Judge:

### I. INTRODUCTION

Plaintiff Lawrence Guardino ("Plaintiff" or "Guardino") brings this action *pro se* under the Americans with Disability Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, against his former employer, defendant Village of Scarsdale Police Department ("Defendant" or "SPD"). Guardino alleges that SPD unlawfully discriminated against him in violation of the ADA when SPD terminated Guardino for failing to be present at his post. SPD moves to dismiss Guardino's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons set forth below, Defendant's motion is GRANTED.

### II. BACKGROUND

Guardino was employed by SPD beginning in September 2002 as a "School Crossing Guard." State Division of Human Rights Comp. ("SDHR Comp.") ¶ 2. He alleges that he has been diagnosed with diverticulitis and COPD. SDHR Comp. ¶ 1. In or about May 2007, Guardino began taking a medication prescribed by his doctor which produced certain side effects, including abdominal cramping and diarrhea. SDHR Comp. ¶ 4.

On May 10, 2007, at about 1:00 P.M., Guardino needed to use the bathroom, requiring him to leave his assigned post. SDHR Comp. ¶ 4. Guardino alleges that he walked to a colleague's post, located one block away, to use his colleague's cell phone in order to inform his supervisors that he needed to leave his post. SDHR Comp. ¶ 5. On the way, Guardino alleges that he was stopped by Sergeant Pellegrini ("Pellegrini") who informed Guardino that he was "going to do everything in [his] power to get [Guardino] fired," although Pellegrini's supervisor had been made aware of Guardino's condition several years prior. SDHR Comp. ¶¶ 6–7.

Guardino was terminated on June 28, 2007. SDHR Comp. ¶ 9. Guardino filed a charge of discrimination with the New York State Division of Human Rights ("DHR") on March 25, 2008. Determination of the New York State Division of Human Rights at 1. The DHR issued a finding of no probable cause. *Id.* The Equal Employment Opportunity Commission ("EEOC") adopted the DHR's findings and issued a right to sue letter on April 29, 2009, and Guardino commenced this action by service of a complaint dated July 26, 2009. Comp. at 4.

### III. DISCUSSION

#### A. Standard of Review

Rule 8 of the Federal Rules of Civil Procedure ("FRCP 8") states, "A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)) (quotations omitted). In applying this standard, "a court must accept as true all of the allegations contained in a complaint ... [but is] not bound to accept as true a legal conclusion." *Id.* at 1949–50 (quotations omitted). However, "where

the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not show[n]-that the pleader is entitled to relief." *Id.* at 1950 (citing FRCP 8) (quotations omitted).

Where a plaintiff is proceeding *pro se*, his pleadings "are held to a lesser standard than those drafted by attorneys." *Hayes v. Perotta*, 751 F.Supp.2d 597, 598 n. 1 (S.D.N.Y.2010) (citing *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402, 128 S.Ct. 1147, 170 L.Ed.2d 10 (2008)). The Court "construes Plaintiff's pleadings liberally and interprets them to raise the strongest arguments that they suggest." *Id.* (citing *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir.2006)) (quotations omitted).

## B. New York State Human Rights Law Claims

As an initial matter, it is unclear whether Guardino intended to pursue his New York State Human Rights Law ("NYSHRL") claims in this Court. On the first page of his Complaint, Guardino indicates that his action is brought pursuant only to the ADA. Comp. at 1. Guardino fails to indicate that his claims are governed by the NYSHRL. *Id.* However, in Section II.E of his Complaint, Guardino states "see attached letter" in response to the prompt: "The facts of my case are as follow." This appears to incorporate by reference the SDHR Complaint, which indicates that Guardino's action is brought pursuant to the NYSHRL. Liberally construing Guardino's pleadings, *Hayes*, 751 F.Supp.2d at 598 n. 1, this Court assumes that Guardino intended to also allege violations of the NYSHRL in his Complaint.

### 1. The NYSHRL's Election of Remedies Provisions Bar Guardino's NYSHRL Claims

■ In any case, Guardino's NYSHRL claims must be dismissed. The Executive Law of the State of New York, New York State Human Rights Law, § 297(9) states, "Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages ... *unless such person had filed a complaint hereunder or with any local commission on human rights*" (emphasis added). This provision applies equally in federal and state courts. *Borum v. Vill. of Hempstead*, 590 F.Supp.2d 376, 382 (E.D.N.Y. 2008). When a Plaintiff has filed a complaint with the SDHR regarding alleged discrimination, he is "thereafter barred from commencing an action in court regarding that discrimination." *Moodie v. Federal Reserve Bank of New York*, 58 F.3d 879, 882 (2d Cir.1995) (citing *Emil v. Dewey*, 49 N.Y.2d 968, 969, 428 N.Y.S.2d 887, 406 N.E.2d 744 (1980) ("[P]rior to commencing this action the plaintiff had filed a complaint with the State Division of Human Rights....Under these circumstances the statute precludes the plaintiff from commencing an action in court based on the same incident.")).

■ When the New York State Division of Human Rights has issued a finding of "no probable cause ... plaintiff's claims ... are barred by the law['s] election of remedies provisions because she has already litigated the claims before the Division of Human Rights. The bar is jurisdictional, and the claims must be dismissed pursuant to Rule 12(b)(1), Fed.R.Civ.P." *Illie–Stout v. Barrier Free Living*, No. 08 Civ. 6388, 2009 WL 81151 at *1–2 (S.D.N.Y. Jan. 12, 2009).

■ Here, there is no dispute that Guardino's Complaint raises the same claims, based on the same instance of termination, as he previously charged in his SDHR Complaint. Therefore, to the extent that Guardino's Complaint attempts to

reassert NYSHRL claims based on his termination, those NYSHRL claims must be dismissed with prejudice.

## C. ADA Claims

■ Guardino's ADA claims are analyzed without regard to the ADA Amendments Act of 2008 ("ADAA"). "Federal courts have uniformly decided that the ADAA will not be retroactively applied to conduct that preceded its effective date. Because all relevant conduct is alleged to have occurred prior to January 1, 2009, the Court will not apply the ADAA to [Plaintiff's] claims." *Parada v. Banco Indus. de Venezuela, C.A.*, No. 10 Civ. 0883, 2011 WL 519295 at *4 n. 4 (S.D.N.Y. Feb. 15, 2011). Here, Guardino was terminated on June 28, 2007, well before the effective date of the ADAA. Since no other discriminatory conduct by the SPD has been alleged, the ADAA does not apply to Guardino's ADA claims.

■ In order to allege a claim of disability discrimination under the ADA, a plaintiff must demonstrate "(a) that h[is] employer is subject to the ADA; (b) that [h]e is disabled within the meaning of the ADA or perceived to be so by h[is] employer; (c) that [h]e was otherwise qualified to perform the essential function of the job with or without reasonable accommodation; and (d) that [h]e suffered an adverse employment action because of h[is] disability." *Id.* at *5 (citing *Brady v. Wal–Mart Stores, Inc.*, 531 F.3d 127, 134 (2d Cir. 2008)). Although SPD does not dispute that it is subject to the provisions of the ADA, Guardino's Complaint fails to satisfy the remaining three prongs outlined by the *Parada* and *Brady* courts.

### 1. Guardino Has Failed to Allege That He Is Disabled Within the Meaning of the ADA

■ In order to successfully establish that an impairment is a disability within

the meaning of the ADA, "there are two requirements: the impairment must limit a major life activity and the limitation must be substantial." *Capobianco v. City of New York.* 422 F.3d 47, 56 (2d Cir.2005) (citing 42 U.S.C. § 12102(2)(A) (2006)). This Court assumes for purposes of this motion that Guardino's abdominal cramping and diarrhea are impairments. *See, e.g., Shannon v. Verizon New York, Inc.*, No. 1:05 Civ. 0555, 2007 WL 1135307, at *3 (N.D.N.Y. Apr. 13, 2007) ("Plaintiff's incontinence meets the definition of physical impairment . . . ."). Guardino has not intimated what "major life activity [D]efendant thought [he] was substantially limited from performing[;]" however, "[s]ince this is a termination case," Plaintiff will be given the benefit of the doubt and it is assumed that the major life activity at issue is working. *See, e.g., Almond v. Westchester County Dep't of Corrections,* 425 F.Supp.2d 394, 400 (S.D.N.Y.2006).

■ Under the applicable pre-ADAA standards, "[w]hen the major life activity under consideration is that of working . . . [t]he EEOC regulations [define] substantially limits to mean significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes." *Sutton v. United Air Lines, Inc.,* 527 U.S. 471, 473, 491, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999) (holding that an allegation that poor vision precluded plaintiffs from holding positions as global airline pilots was insufficient to support a claim of a substantially limiting impairment, because a "global airline pilot" is a single job). As in *Sutton,* Guardino here has failed to allege that he is "significantly restricted in the ability to perform" a class of jobs; he only alleges that his disability impacted his ability to perform his job as a School Crossing Guard, an isolated position. Therefore, Guardino has failed to

show that he suffers from an impairment which is deemed a disability under the ADA.

Furthermore, although a "determination whether a person is substantially limited in his ability to perform a major life function is a fact-specific determination," "In general, federal courts that have considered the issue have resisted finding that a plaintiff's incontinence, or inability to control waste elimination, supports a disability claim under the ADA." *Shannon v. Verizon New York, Inc.,* No. 1:05 Civ. 0555, 2007 WL 1135307 at *4 (N.D.N.Y. Apr. 13, 2007) (citing *Sacay v. Research Found. of the City of New York,* 193 F.Supp.2d 611, 629–30 (E.D.N.Y.2002); *Williams v. H.N.S. Mgmt. Co.,* 56 F.Supp.2d 215, 221 (D.Conn. 1999)). In *Shannon,* the court concluded that "because [the plaintiff's] symptoms are so infrequent and, when they occur, relatively minor, an impartial fact-finder could not reasonably determine that Plaintiff is substantially limited in a major life activity, either that of waste elimination, or any other."

As in *Shannon,* Guardino has not alleged a sufficient frequency or severity of symptoms that would enable a fact-finder to determine that Guardino is substantially limited in any major life activity. Guardino's Complaint details only one incident where he "urgently needed to leave [his] post to use the bathroom." SDHR Comp. ¶ 4. Guardino's responding papers likewise fail to outline any facts that would support a finding that Guardino is substantially limited in any major life activity.

### 2. Guardino Has Failed to Show That He Was "Otherwise Qualified" for the "School Crossing Guard" Position

Guardino has failed to allege that he was otherwise qualified to hold the School Crossing Guard position, with or without reasonable accommodation, as re-

quired by the *Brady* and *Parada* decisions, *supra.* Guardino has alleged that on May 10, 2007, he "urgently needed to leave [his] post to use the bathroom." SDHR Comp. ¶ 4. As SPD has argued, "the inherently safety sensitive nature of a School Crossing Guard requires that the guard remain at his post while on duty, so that young children will not be left to cross the street by themselves." Def. Mem. of Law at 8. Guardino has not alleged that any accommodation, other than being allowed to leave his post, would resolve the symptoms he experiences.

"[A] reasonable accommodation cannot mean elimination of any of the job's essential functions." *Bobrowsky v. New York City Bd. of Educ.,* No. 97 Civ. 874, 1999 WL 737919 (E.D.N.Y. Sept. 16, 1999). "[A]n individual is not qualified for his position if he is unable to come to work." *Robarge v. Potter,* No. 01 CV 0417, 2002 WL 32061800, at *6 (E.D.N.Y. Mar. 14, 2002) (citing *Mazza v. Bratton,* 108 F.Supp.2d 167, 175 (E.D.N.Y.2000)). "An employee cannot be considered otherwise qualified when [h]e is unable to report at the time required, because [h]e is not able to be perform one of the essential functions of h[is] job." *Davis v. Bowes,* No. 95 Civ. 4765, 1997 WL 655935, at *16 (S.D.N.Y. Oct. 20, 1997) (quotations and citations omitted). Since Guardino's condition allegedly caused him to need to immediately leave his assigned post while on duty, he cannot be "otherwise qualified" for the position. It is an essential function of a School Crossing Guard's job to be present at his assigned post while on duty, and Guardino has failed to allege that any accommodation could prevent him from needing to leave his post.

### 3. Guardino Fails to Allege that He Was Terminated Because of His Disability

Although generally true that "a *pro se* complaint should not be dismissed

for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," Guardino fails to provide any allegation that, taken if true, would allow his Complaint to survive a motion to dismiss. *Cieszkowska v. Grayline New York,* No. 01 Civ. 0128, 2001 WL 1131990, at *2 (S.D.N.Y. Sept. 24, 2001) (citing *Van Ever v. New York State Dep't of Corr. Servs.,* No. 99 Civ. 12348, 2000 WL 1727713, at *2 (S.D.N.Y. Nov. 21, 2000)). Guardino alleges that he left his post on May 10, 2007, and further alleges that Pellegrini questioned why he was not at his assigned post that same day. Taking these allegations as true, this Court can only conclude that Guardino was terminated for deserting his post while on duty. Therefore, Guardino has also failed to satisfy the final prong of his prima facie case, and his Complaint must be dismissed.

## IV. *CONCLUSION*

For the reasons set forth above, the Court grants Defendant's motion, and dismisses the Complaint with prejudice. The Clerk of the Court is directed to close this case.