*Rumsey v. Ne. Health, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>CORRECTED SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of January, two thousand sixteen.

PRESENT:
> ROBERT A. KATZMANN,
> *Chief Judge*,
> AMALYA L. KEARSE,
> *Circuit Judge*,
> LORNA G. SCHOFIELD,
> *District Judge*.[*]

---

ELLEN M. RUMSEY,

> *Plaintiff-Appellant*,

v.                                                                    No. 15-833

NORTHEAST HEALTH, INC. and ST. PETER'S HEALTH PARTNERS,

> *Defendants-Appellees*,[†]

---

For Plaintiff-Appellant:               CARLO A. C. DE OLIVEIRA, Cooper Erving & Savage LLP, Albany, NY.

---

[*] The Honorable Lorna G. Schofield, of the United States District Court for the Southern District of New York, sitting by designation.
[†] The Clerk of Court is respectfully directed to amend the caption as indicated above.

For Defendants-Appellees:                    Matthew H. Woodard, Jackson Lewis P.C.,
                                             White Plains, NY.


Appeal from a judgment of the United States District Court for the Northern District of New York (Sannes, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Ellen M. Rumsey appeals a grant of summary judgment in favor of Defendants-Appellees Northeast Health, Inc. and St. Peter's Health Partners entered on February 25, 2015, by the United States District Court for the Northern District of New York (Sannes, *J.*), dismissing all of Rumsey's claims against the defendants. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

"We review a district court's decision to grant summary judgment *de novo*, construing the evidence in the light most favorable to the party against which summary judgment was granted and drawing all reasonable inferences in its favor." *Sec. Plans, Inc. v. CUNA Mut. Ins. Soc'y*, 769 F.3d 807, 815 (2d Cir. 2014) (quoting *Wachovia Bank, N.A. v. VCG Special Opportunities Master Fund, Ltd.*, 661 F.3d 164, 171 (2d Cir. 2011)). "Summary judgment is appropriate [if] 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Kwan v. Andalex Grp., LLC*, 737 F.3d 834, 843 (2d Cir. 2013) (quoting Fed. R. Civ. P. 56(a)). "A genuine dispute of material fact 'exists for summary judgment purposes where the evidence, viewed in the light most favorable to the nonmoving party, is such that a reasonable jury could decide in that party's favor.'" *Id.* (quoting *Guilbert v. Gardner*, 480 F.3d 140, 145 (2d Cir. 2007)).

2

We review Title VII retaliation claims under the three-step burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See id.* at 843. "Under the first step . . . , the plaintiff must establish a prima facie case of retaliation by showing 1) 'participation in a protected activity'; 2) the defendant's knowledge of the protected activity; 3) 'an adverse employment action'; and 4) 'a causal connection between the protected activity and the adverse employment action.'" *Id.* at 844 (quoting *Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 173 (2d Cir. 2005)). The burden then "shifts to the employer to articulate some legitimate, non-retaliatory reason for the employment action." *Id.* at 845. "[A]fter the defendant has articulated a non-retaliatory reason for the employment action, the presumption of retaliation arising from the establishment of the prima facie case drops from the picture. The plaintiff must then come forward with [evidence that the defendant's proffered,] non-retaliatory reason is a mere pretext for retaliation." *Id.* (citation omitted).

The district court concluded that Rumsey failed to demonstrate a prima facie case of retaliation under Title VII because she failed to establish a causal connection between any protected activity and her termination. Alternatively, the district court concluded that, even if Rumsey had established a prima facie case of retaliation, defendants articulated a legitimate, non-retaliatory reason for Rumsey's termination and that Rumsey failed to point to evidence showing that the proffered, non-retaliatory reason was a mere pretext for retaliation. The district court also dismissed Rumsey's claim for breach of contract, which was based on her contention that the defendants violated their own disciplinary procedures governing employee conduct, because there was an absence of evidence indicating that Rumsey's employment was anything other than at will. Upon review of the record and the parties' arguments on appeal, we affirm for substantially the same reasons provided by the district court.

The district court also granted summary judgment dismissing Rumsey's claims under the New York State Human Rights Law ("NYHRL"). Although we agree with the district court's ultimate disposition, we conclude that these claims, as defendants correctly point out, were not properly before the district court to begin with. Before initiating this action, Rumsey filed her NYHRL claims in the New York State Division of Human Rights ("NYSDHR"), and under New York law, "NYHRL . . . claims, once brought before the NYSDHR, may not be brought again as a plenary action in another court." *York v. Ass'n of the Bar of the City of New York*, 286 F.3d 122, 127 (2d Cir. 2002). Because "a state law depriving its courts of jurisdiction over a state law claim also operates to divest a federal court of jurisdiction to decide the claim," *Moodie v. Fed. Reserve Bank of New York*, 58 F.3d 879, 884 (2d Cir. 1995), we affirm the dismissal of Rumsey's NYHRL claims on the ground that the district court lacked subject-matter jurisdiction to hear them.

We have considered all of Rumsey's contentions on this appeal and have found in them no basis for reversal. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4