*Tripathy v. Lockwood*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of October, two thousand twenty-five.

PRESENT:
> JOHN M. WALKER, JR.,
> SUSAN L. CARNEY,
> RICHARD J. SULLIVAN,
> *Circuit Judges*.

_____

SANJAY TRIPATHY,

> *Plaintiff-Appellant*,

> v.                                                                  24-2324

CAPTAIN LOCKWOOD, REVERAND HARRIS, SUPERINTENDENT SUSAN R. KICKBUSH, DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, OF NEW YORK

STATE, ANDREA N. SCHNEIDER, SHARON FROST, SUPERINTENDENT EDWARD BURNETT, FATHER GEORGE J. DASH, REVEREND JOEL L. TERRAGNOLI, RICHARD MOFFIT, SUPERINTENDENT LEANNE LATONA, NANCY K. FERNANDEZ, Director of Ministerial Services at DOCCS,

*Defendants-Appellees*,

SORC R. HOFFMAN, IGRC Chairperson, SGT. STACHOWIOL, IGRC Staff Member, C.O. COSTIENWACHS, IGRC Staff Member, INMATE J. KELEHER, Din # 15–R–2316, Inmate Rep IGRC, INMATE C. FLOREA, Din # 15–R–1307, Inmate Rep IGRC, CORC DIRECTOR, IGP, CORC Member #2, DEPUTY COMMISSIONER & COUNSEL, CORC Member #2, DEPUTY COMMISSIONER FOR CORRECTIONAL FACILITIES, CORC Member #3, DEPUTY COMMISSIONER FOR PROGRAM SERVICES, CORC Member #4, DEPUTY COMMISSIONER FOR ADMINISTRATIVE SERVICES, CORC Member #5, DEPUTY COMMISSIONER & CHIEF MEDICAL OFFICER, CORC Member #6, REP OF THE OFFICE OF DIVERSITY MANAGEMENT, Member #7, ANTHONY J. ANNUCCI, Commissioner of DOCCS; representing DOCCS,

*Defendants*.

_____

**For Plaintiff-Appellant:**          Sanjay Tripathy, *Pro Se*, Morrisville, NC.

2

**For Defendants-Appellees**
**Lockwood, Harris, Kickbush,**
**DOCCS, and Fernandez:**

Sarah L. Rosenbluth *of Counsel*
*for* Letitia James, Attorney
General State of New York,
Albany, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Mark W. Pedersen, *Magistrate Judge*).[1]

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Sanjay Tripathy, a previously incarcerated inmate proceeding *pro se*, appeals from the district court's dismissal of his claims under 42 U.S.C. §§ 1983 and 1985, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and the New York State Constitution against the New York Department of Corrections and Community Supervision ("DOCCS") and several of its officials. In essence, Tripathy alleges that the laundry policies at various DOCCS correctional facilities violated his Hindu religious beliefs by requiring his clothes to be mixed with those of inmates who eat beef and pork. Tripathy seeks injunctive and declaratory relief, as well as monetary damages. The district court dismissed his federal claims on the grounds of mootness, immunity under the Eleventh Amendment, and

---

[1] The parties jointly consented to magistrate jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.

qualified immunity; the district court also concluded that it lacked jurisdiction over his state law claims. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

"We review the district court's dismissal under Rule 12(b)(1) *de novo*." *Westchester v. U.S. Dep't of Hous. & Urb. Dev.*, 778 F.3d 412, 416 n.6 (2d Cir. 2015). Similarly, "[w]e review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Mazzei v. The Money Store*, 62 F.4th 88, 92 (2d Cir. 2023) (internal quotation marks omitted).

## I. Injunctive and Declaratory Relief

The district court correctly dismissed Tripathy's claims for injunctive and declaratory relief as moot. Tripathy left prison in 2022, and our caselaw makes clear that "[a] person's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility." *Tripathy v. McKoy*, 103 F.4th 106, 113 (2d Cir. 2024) (internal quotation marks omitted).

## II.     Federal Official-Capacity Claims for Monetary Relief

The district court also correctly concluded that the Eleventh Amendment forecloses Tripathy's § 1983 and RLUIPA claims against Defendants in their official capacities. "The Eleventh Amendment generally bars suits in federal court by private individuals against non-consenting states." *Leitner v. Westchester Cmty. Coll.*, 779 F.3d 130, 134 (2d Cir. 2015). This immunity "extends beyond the states themselves to 'state agents and state instrumentalities' that are, effectively, arms of a state." *Woods v. Rondout Valley Cent. Sch. Dist. Bd of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006) (quoting *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997)). "[A] claim for damages against state officials in their official capacity . . . is therefore barred by the Eleventh Amendment," and "agencies and departments of the state are [also] entitled to assert the state's Eleventh Amendment immunity." *Davis v. New York*, 316 F.3d 93, 101 (2d Cir. 2002). Tripathy asserts exactly the kind of claims that the Eleventh Amendment forbids, and he "therefore may seek only individual-capacity damages against Defendants, which implicates the doctrine of qualified immunity." *Tripathy*, 103 F.4th at 116.

## III. Federal Individual-Capacity Claims

The district court properly concluded that qualified immunity bars Tripathy's federal individual-capacity claims. "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012) (internal quotation marks omitted). "A Government official's conduct violates clearly established law when, at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (internal quotation marks omitted).

In determining whether a given right is clearly established, we consider "(1) whether the right in question was defined with reasonable specificity; (2) whether the decisional law of the Supreme Court and the applicable circuit court support the existence of the right in question; and (3) whether under preexisting law a reasonable defendant official would have understood that his or her acts were unlawful." *Matusick v. Erie Cnty. Water Auth.*, 757 F.3d 31, 60 (2d Cir. 2014) (internal quotation marks omitted). To analyze these factors, we look to "whether the

violative nature of *particular* conduct is clearly established," *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (internal quotation marks omitted), and we will not deny an official qualified immunity unless "existing precedent . . . placed the statutory or constitutional question confronted by the official beyond debate," *Plumhoff v. Rickard*, 572 U.S. 765, 779 (2014) (internal quotation marks omitted).

Both the First Amendment's Free Exercise Clause and RLUIPA protect the religious rights of prisoners. *Salahuddin v. Goord*, 467 F.3d 263, 273–75 (2d Cir. 2006); 42 U.S.C. § 2000cc–1(a). Indeed, we have long recognized that "prisoner[s] ha[ve] a right to a diet consistent with [their] religious scruples," *Ford v. McGinnis*, 352 F.3d 582, 597 (2d Cir. 2003), and have repeatedly found substantial burdens on free exercise rights when prisoners are forced to *consume* substances that are inconsistent with their beliefs, *see, e.g.*, *McEachin v. McGuinnis*, 357 F.3d 197, 203 (2d Cir. 2004) ("[T]o deny prison inmates the provision of food that satisfies the dictates of their faith does unconstitutionally burden their free exercise rights."); *Holland v. Goord*, 758 F.3d 215, 221 (2d Cir. 2014) (forcing Muslim inmate to drink water during Ramadan substantially burdened rights); *Brandon v. Kinter*, 938 F.3d 21, 26, 39 (2d Cir. 2019) (serving Muslim prisoner meals containing pork substantially burdened rights).

But whatever the merits of Tripathy's claims, our cases do not clearly establish that a prison's laundry policy may infringe on a prisoner's free exercise rights because of the dietary practices of his fellow inmates. Prison officials could have reasonably concluded that our caselaw mandating dietary accommodations did not prohibit using the same laundry machine to wash multiple prisoners' clothes with detergent and bleach "at concentrations specified by the manufacturer . . . to prevent contamination." J. App'x at 384.

Tripathy notes that Defendants have honored the religious beliefs of Jewish and Muslim prisoners by ensuring that pork does not contaminate their meals. Tripathy Br. at 27–28. But those policies address *diet*, not laundry, and Tripathy himself received specialized beef-and-pork-free meals. J. App'x at 553. At bottom, Tripathy asks us to transform a specific, well-established principle regarding the food that prisons offer, and the way that such foods are prepared, into a general rule requiring "proximity based accommodations." Tripathy Br. at 26. But we decline "to define clearly established law at [such] a high level of generality." *al-Kidd*, 563 U.S. at 742. Because it was not "beyond debate," *id.* at 741, that DOCCS's laundry policy violated the First Amendment and RLUIPA, the district court properly concluded that Defendants were entitled to qualified immunity.

Since we conclude that Defendants are entitled to qualified immunity on Tripathy's First Amendment and RLUIPA claims, we do not proceed to the merits of those claims. Therefore, we do not hold – nor do we suggest – that the claims would necessarily fail or succeed on the merits. We hold only that, under our precedents, Tripathy did not have a "clearly established" right to the accommodation that he sought, *al-Kidd*, 563 U.S. at 741, and his individual-capacity claims against Defendants therefore cannot proceed.

## IV. State-Law Claims

The district court also properly held that it lacked subject-matter jurisdiction over Tripathy's state-law claims. New York Correction Law § 24 provides that "[a]ny claim for damages arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties of any officer or employee of [DOCCS] shall be brought and maintained in the court of claims as a claim against the state." N.Y. Corr. Law § 24(2). "This provision, by its plain terms, precludes the assertion of [state-law] claims against corrections officers in any [other] court, including the federal courts." *Baker v. Coughlin*, 77 F.3d 12, 15 (2d Cir. 1996); *see also Moodie v. Fed. Rsrv. Bank of N.Y.*, 58 F.3d 879, 884 (2d Cir. 1995) ("[A] state law depriving its courts of jurisdiction over a state law

claim also operates to divest a federal court of jurisdiction to decide the claim.").

Tripathy's state-law claims must therefore be brought in the New York Court of Claims, not in federal district court.

## V.    Conclusion

We have considered the parties' remaining arguments and conclude that they are without merit.[2]   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] The Office of the Attorney General ("OAG") asserts that Tripathy never served his complaint on Schneider, Frost, Dash, Burnett, Terragnoli, Moffit, and Latona, and that we therefore lack personal jurisdiction over those defendants.  OAG Br. at 16–17.  But it argues that "remand is unnecessary" because those defendants should prevail on other grounds.  *Id.* at 17.  Having concluded that all of Tripathy's claims fail, we need not reach this dispute over personal jurisdiction.  *See ONY, Inc. v. Cornerstone Therapeutics, Inc.*, 720 F.3d 490, 498 n.6 (2d Cir. 2013) ("Although we traditionally treat personal jurisdiction as a threshold question to be addressed prior to consideration of the merits of a claim, . . . that practice is prudential and does not reflect a restriction on the power of the courts to address legal issues.").