20-404-cv
Santander Bank, N.A. v. Harrison

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of June, two thousand twenty-one.

PRESENT:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> GUIDO CALABRESI,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

_____

Santander Bank, N.A.,

      *Plaintiff-Appellee*,

      v.                                                          20-404

Angela Harrison,

      *Defendant-Appellant.*

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLEE:** | GEOFFREY K. MILNE, McCalla Raymer Leibert Pierce LLC, Hartford, CT. |
| **FOR DEFENDANT-APPELLANT:** | ANGELA HARRISON, *pro se*, Norwalk, CT. |
| **FOR AMICUS CURIAE:** | ADRIENNE B. KOCH, Katsky Korins LLP, New York, NY. |

Appeal from a judgment of the United States District Court for the District of Connecticut (Covello, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED IN PART** and **VACATED IN PART**, and the case is **REMANDED** for further proceedings consistent with this order**.**

Appellant Angela Harrison, proceeding *pro se*, appeals the district court's judgment of foreclosure in favor of Santander Bank, N.A. ("Santander") on her home. Santander commenced this diversity foreclosure action under Connecticut law in the district court in 2015, shortly after voluntarily withdrawing a state-court foreclosure action against Harrison. Harrison challenges the district court's subject matter jurisdiction, its grant of summary judgment to Santander on the issue of liability, its entry of a judgment of strict foreclosure, its denial of her recusal motions, and its denial of her motion to reopen and vacate the judgment; Santander counters that the district court lacked jurisdiction, and this Court lacks jurisdiction, to disturb the judgment of strict foreclosure pursuant to state law. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**I.    Subject-Matter Jurisdiction**

As a preliminary matter, the trial court and the reviewing court "have an obligation to make their own independent determination that subject matter jurisdiction exists." *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 365 (2d Cir. 2000). A plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence. *Cooke v. United States*, 918 F.3d 77, 80 (2d Cir. 2019).

## A. Harrison's Jurisdictional Arguments

Harrison argues that the district court lacked subject matter jurisdiction in this case because Santander failed to demonstrate compliance with statutory and contractual notice requirements. We disagree.

State law governs the question whether state notice requirements are jurisdictional in a diversity case. *See Moodie v. Fed. Rsrv. Bank of N.Y.*, 58 F.3d 879, 884 (2d Cir. 1995). The argument that the plaintiff's failure to comply with a notice requirement deprived the trial court of subject matter jurisdiction cannot be waived, and it may be raised at any time during the proceedings. *Id.* at 882.

At the time Santander initiated this action, Connecticut law provided that no mortgagee could "commence" a foreclosure action on certain mortgages "prior to mailing" (1) a notice related to its Emergency Mortgage Assistance Program (the "EMAP notice") pursuant to Conn. Gen. Stat. ("C.G.S.") § 8-265ee, and (2) a notice related to the possibility of pursuing a foreclosure by market sale (the "Market Sale notice") pursuant to C.G.S. § 49-24b(a) (repealed 2016). Assuming *arguendo* that these requirements were jurisdictional, we conclude that Santander satisfied its burden of demonstrating subject matter jurisdiction by a preponderance of the evidence. *See Wells Fargo Advisors, LLC v. Sappington*, 884 F.3d 392, 396 n.2 (2d Cir. 2018) (noting that the Court may affirm on any ground that finds support in the record). Santander presented copies of the notice documents and mailing envelopes, and affidavits stating that they were mailed on November 24, 2015; the record also includes a document containing tracking information indicating that the EMAP notice was mailed. This evidence sufficed to show that Santander mailed the notice documents before service of the complaint on Harrison, as required under

3

Connecticut law. *See* C.G.S. §§ 8-265ee, 49-24b(a) (repealed 2016); *Converse v. Gen. Motors Corp.*, 893 F.2d 513, 515 (2d Cir. 1990) (holding that a federal court exercising diversity jurisdiction applies state law regarding commencement of a case and observing that a case commences under Connecticut law upon actual service of the complaint on defendant). Harrison's evidence to the contrary—a 2019 letter from the Norwalk Postmaster stating that a search of "our database" did not reveal records of the notices' mailing—is not in the form of an affidavit, and it does not state that the absence of such records at the time of the search is proof that the letters were not, in fact, mailed.

### B.     Santander's Jurisdictional Arguments

We next address Santander's argument that the district court lacked jurisdiction to disturb the judgment of strict foreclosure—and this Court lacks jurisdiction to review it—pursuant to C.G.S. § 49-15.  That statute provides that "no such judgment [of strict foreclosure] shall be opened after the title has become absolute in any encumbrancer," with an exception not relevant here.  C.G.S. § 49-15(a)(1).  Following the entry of the judgment of strict foreclosure, the law day passed, Harrison did not redeem the property, and title became absolute in Santander pursuant to the judgment in February 2018.   The district court proceeded to deny Harrison's August 2019 motion for relief from the judgment based on § 49–15.

A federal court exercising diversity jurisdiction should apply the Federal Rules of Civil Procedure where the federal rule (1) "answers the same question" as a state law and (2) does not violate the Rules Enabling Act.  *La Liberte v. Reid*, 966 F.3d 79, 87 (2d Cir. 2020) (internal quotation marks and alteration omitted).  A rule is consistent with the Rules Enabling Act if it "really regulates procedure,—the judicial process for enforcing rights and duties recognized by

4

substantive law and for justly administering remedy and redress for disregard or infraction of them." *Id.* at 88 (quoting *Sibbach v. Wilson & Co.*, 312 U.S. 1, 14 (1941)).

Although we affirm the district court's denial of Harrison's August 2019 motion for different reasons, discussed below, we disagree with the district court's conclusion that it lacked jurisdiction to consider the motion pursuant to C.G.S. § 49-15. Harrison's motion, which argued that the judgment should be reopened and vacated because the district court lacked subject matter jurisdiction to enter it, is best interpreted as arising under Rule 60 of the Federal Rules of Civil Procedure, which authorizes district courts to relieve a party from a judgment if "the judgment is void." Fed. R. Civ. P. 60(b)(4). Rule 60 and C.G.S § 49-15 address the same issue: whether a litigant is entitled to relief from a judgment. And they are in conflict, for C.G.S. § 49-15 provides that the judgment was inalterable at the time that Harrison filed her motion, while Rule 60 permits consideration of such arguments "within a reasonable time." Fed. R. Civ. P. 60(c)(1). Santander does not argue that Rule 60 violates the Rules Enabling Act. Consequently, Rule 60—rather than C.G.S. § 49-15—governed the district court's jurisdiction to hear Harrison's motion.

For similar reasons, we do not find that C.G.S. § 49-15 limits our appellate jurisdiction. Federal appellate jurisdiction is governed by 28 U.S.C. § 1291, which provides that "all final decisions of the district courts" are appealable to the courts of appeals. *See Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 198–99 (1988) (holding that § 1291, and not state law, determines appellate jurisdiction in federal diversity cases). Harrison's appeal is from the final judgment, and thus encompasses the district court's interlocutory orders and judgments. *See City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 141 n.25 (2d Cir. 2011) (noting that under the "merger

5

rule," interlocutory orders merge with the final judgment, rendering them amenable to appellate review).

*     *     *

We thus have jurisdiction to review the district court's grant of summary judgment, its entry of the judgment of strict foreclosure, and its denial of Harrison's August 2019 motion to vacate the judgment.   Upon review of these decisions, we find no error.

**II.  Grant of Summary Judgment, Entry of Judgment of Strict Foreclosure, and Denial of Motion to Reopen**

We review *de novo* an order granting a motion for summary judgment.   *Sotomayor v. City of New York*, 713 F.3d 163, 164 (2d Cir. 2013).   "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"   *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).   We review *de novo* the denial of a Rule 60(b)(4) motion.   *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005).

Under Connecticut law, "[i]n order to establish a prima facie case in a mortgage foreclosure action, the plaintiff must prove by a preponderance of the evidence that it is the owner of the note and mortgage, that the defendant mortgagor has defaulted on the note and that any conditions precedent to foreclosure, as established by the note and mortgage, have been satisfied."   *GMAC Mortg., LLC v. Ford*, 144 Conn. App. 165, 176 (2013).   Summary judgment as to liability is proper if the plaintiff demonstrates "an undisputed prima facie case and the defendant fails to assert any legally sufficient special defense."   *Id.*

Santander's evidence satisfied this standard: it presented undisputed evidence that it was in physical possession of the original note and mortgage, that Harrison defaulted by failing to make

6

any payments after May 2010, and that Santander sent her the notices required by the note and mortgage. Harrison's arguments about Santander's ownership of the note and unilateral withdrawal of the state foreclosure action, as well as the district court's denial of her requests for discovery, are unavailing. First, Santander's physical possession of a note endorsed in blank was sufficient to confer standing to foreclose under Connecticut law. *See U.S. Bank, Nat'l Ass'n v. Fitzpatrick*, 190 Conn. App. 773, 791–92 (2019). Second, Santander was entitled to unilaterally withdraw its prior state-court foreclosure action because the withdrawal occurred "before the commencement of a hearing on the merits." C.G.S. § 52-80. Third, the district court did not abuse its discretion in denying Harrison's discovery requests because she did not make them until after the district court's deadline for opposing summary judgment had passed. *See Wills v. Amerada Hess Corp.*, 379 F.3d 32, 41 (2d Cir. 2004) (discovery rulings are reviewed for abuse of discretion); *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003) (scheduling rulings are reviewed for abuse of discretion).

We affirm the district court's denial of Harrison's August 2019 motion to vacate the judgment because, while the district court had jurisdiction to consider that motion, the issue Harrison sought to raise—the alleged notice defects discussed above—fails to survive summary judgment.

**III.   Attorney's Fees**

Santander also argues that Harrison's appeal is moot with respect to her challenge to the award of attorney's fees in the judgment of strict foreclosure. We agree, and we therefore vacate the judgment to the extent that it awarded attorney's fees and remand for entry of an amended judgment. *See Bragger v. Trinity Cap. Enter. Corp.*, 30 F.3d 14, 17 (2d Cir. 1994) ("When a civil

7

case becomes moot while an appeal is pending, it is the general practice of an appellate court to vacate the unreviewed judgment granted in the court below and remand the case to that court with directions to dismiss it.").

*       *       *

We have considered all of Harrison's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM IN PART** and **VACATE IN PART** the judgment of the district court, and **REMAND** for further proceedings consistent with this order.  Santander's motion for judicial notice of state-court proceedings is **GRANTED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court